## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

RICHARD I. GULICK, ADMINISTRATOR C.T.A. OF THE ESTATE OF DONALD CLYDE HAWKINS, DECEASED v. ELYNORE M. HAWKINS.

June 11, 1973.

Record No. 8138.

Present, All the Justices.

*Richard I. Gulick,* for appellant.

*William R. Moore, Jr. (Parsons, Steffen & Moore,* on brief), for appellee.

POFF, J., delivered the opinion of the court.

Richard I. Gulick, Administrator c.t.a. of the Estate of Donald Clyde Hawkins, deceased, filed a bill of complaint against Elynore M. Hawkins, decedent's widow, and William D. Stallings and Shelley A. Stallings, his wife, praying payment to the estate of one-half the proceeds of the pending sale of the Hawkinses' home to the Stallingses. On June 14, 1972 the chancellor entered a decree sustaining the demurrer of the Stallingses on the ground that they were not properly parties defendant, sustaining the demurrer of Elynore M. Hawkins on the ground that the bill of complaint was not sufficient at law, dismissing the bill of complaint, and ordering one-half the net proceeds of sale placed in escrow pending appeal. The escrow deposit was made, and we granted complainant an appeal.

Decedent and his wife owned their home as tenants by the entirety with right of survivorship as at common law. The couple separated, moved into separate residences and sued and counter-sued for divorce.

Complainant alleged that they thereupon "agreed to sell the real estate . . . and equally divide the net proceeds of the sale." On February 21, 1972 they executed a contract to sell their home to the Stallingses for $85,000.00. On March 28, 1972, prior to the date of settlement fixed in the contract, Donald Clyde Hawkins died testate, devising his entire estate to his only daughter. At the time of death, no action had been taken on the pleadings filed in the divorce suit, and the marriage remained intact.

Complainant contends that, under the doctrine of equitable conversion, the Hawkinses acquired equitable title to the purchase money on February 21, 1972, the date of execution of their contract with the Stallingses; that the decedent, pursuant to his earlier agreement with his wife, thereupon became equitable owner of half the money; and that his share passed as personalty under his will. Decedent's widow contends that, since title had not passed to the purchaser prior to her husband's death, she acquired title to the entirety by operation of law the moment she survived her husband and is therefore entitled to the entire proceeds of sale.

The equitable principles defined in *Sale* v. *Swann*, 138 Va. 198, 120 S.E. 870 (1924), cited by complainant govern reciprocal rights between an owner and a buyer in a contract of sale of realty. Here, complainant alleges a contract between two tenants by the entirety, and what is involved are the reciprocal rights and obligations fixed in their contract between themselves. Under the contract alleged, each tenant agreed to exchange his share of the tenancy, including his survivorship right to the fee, for half the present market price. That share of the tenancy was a real property interest. Such a contract, if otherwise legally enforceable, survives the death of one of the contracting parties and may be enforced by his personal representative for the benefit of his estate. If there was no such contract, upon the death of one tenant title to the fee and all executory rights in the contract of sale passed by operation of law to the surviving tenant.

Whether there was a legally enforceable contract between the tenants by the entirety was never adjudicated below. Indeed, issue was never joined on complainant's allegation. Insofar as the decree sustained the demurrer of Elynore M. Hawkins and dismissed the bill of complaint, the judgment is reversed, the bill of complaint is reinstated on the docket, and the case is remanded for further proceedings.

*Reversed and remanded.*